UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE'S CAPITAL AND LEASING
CORPORATION,

      Plaintiff,                              Case No. 07-14566

v.

                                            Hon. John Corbett O'Meara

CHARLES PHILLIPS, BARBARA
WOLAK, and ROBOCOLOR, LLC.

      Defendants.
_____/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the court is Plaintiff's motion for summary judgment, pursuant to Fed. R. Civ. P. 56(c), filed March 3, 2008. Having received and reviewed all of the parties' submissions regarding this motion, as well as the entire record in this case, the Court concludes that oral argument is unnecessary and will rule on the papers in this matter. Plaintiff's motion is granted.

**FACTUAL BACKGROUND**

**A).    Loan Documents and Agreements**

On or about January 24, 2007, Defendant Robocolor purchased a Heidelberg Speedmaster XL Printing Press (the Press); it took delivery of the Press from Heidelberg on March 19, 2007. To pay for the initial installment, Robocolor arranged for a $299,723.50 loan (the Loan) from Plaintiff, People's Capital and Leasing Corporation (People's). In connection with the Loan, the parties agreed to a Demand Promissory Note (the Demand Note) and to a Master Loan and Security Agreement (the Loan Agreement.)[1]

---

[1] The total purchase amount for the Press was $2,977,235. The payment terms were 10% down, 80% paid upon delivery, and the final 10% paid 45 days after delivery.

The Loan Agreement defined the occurrence of a default in four ways: (1) if Robocolor failed to pay any indebtedness when due; (2) if Robocolor failed to perform or observe any term, covenant, or condition on its part to be performed or observed under any agreement or instrument relating to Robocolor's indebtedness; (3) if any such indebtedness shall be declared due or payable prior to its maturity; or (4) if Plaintiff determines there is a material adverse change in Robocolor's financial condition or business operations since the date of the execution of the Loan Agreement.

As security for the Loan, Plaintiff obtained guarantees from each Defendant. These included (1) the guarantee to prompt payment in full of all indebtedness and obligation owed by Robocolor under the Loan Agreement; (2) the guarantee of prompt and full performance by Robocolor of each term and condition of the Loan Agreement; and (3) the guarantee to reimburse Plaintiff for all costs and reasonable attorney fees incurred in enforcing its rights against Robocolor and/or the Guarantors. **B).** **Default on the Loan Agreement**

Shortly after Heidelberg delivered the Press to Robocolor, Robocolor informed Plaintiff that it was in default of its loan agreements with Comerica Bank (Robocolor's primary lender) and that Comerica had informed Robocolor it would no longer help finance Robocolor's operations.[2] As a result, Plaintiff viewed this as a material adverse change in Robocolor's business and on April 4, 2007 declared it in default of the Loan Agreement. Plaintiff initiated action on the breach when it asked for and received an Order for Possession Pending Judgment, entered May 9, 2007. The order stated Robocolor was in default to both Plaintiff and Heidelberg and that Robocolor was required to deliver possession of the Press to either Plaintiff or Heidelberg. The order also provided that Robocolor was liable for repayment of any deficiency balance owning after it disposed of the Press and that the sale of the Press could be used to reduce Robocolor's debt to Plaintff. Robocolor has since delivered possession of the Press to Heidelberg. Plaintiff has not recovered any amount still owed to it under the Loan Agreement.

Plaintiff initiated this action on October 25, 2007. It alleges that Defendants breached the guarantees by failing to repay the amount owed to Plaintiff under the Loan. Michelle Walton of

---

[2]Robocolor is part of a company named Robot Printing and Communication. By 2007, Robot averaged between $15 and $20 million in annual sales. To finance this enterprise, Comerica provided Robot with a working credit line to fund Robot's day-to-day operations. According to Defendants, Robot owes Comerica approximately $6 million on this credit line.

Jacob and Weingarten in Troy represents Plaintiff. Leon Mayer of Schafer and Weiner in Bloomfield Hills represents Defendant.

## LAW AND ANALYSIS

"Liability under a guaranty is established upon a showing that (1) the party to be held liable executed the guaranty; and (2) the obligation guaranteed has been defaulted upon." Nash Finch Comp. V. 2125 Vienna Corp., 2008 WL 786804 at *5 (E.D. Mich. March 19, 2008); Days Inn of America v. 161 Hotel Group, Inc., 739 A.2d 280, 286 (Conn. App. Ct. 1999). It is undisputed that the party to be held liable executed the guaranty and that Robocolor defaulted on the Loan as Robocolor stipulated to this fact in your order requiring it to deliver possession of the Press.

The only question left to be answered is whether there is a genuine issue of material fact. Defendants argue that there is because neither the court nor the parties can determine the amount of Defendants' liability to Plaintiff. According to Defendant, the terms of the May 9, 2007 order stated the following:

> the acceptance of possession of the Collateral shall not be in full satisfaction of Robot's obligations to either People's and/or Heidelberg, and that Robot (and any guarantor of Robot's obligation) shall be liable for the repayment of any deficiency balance after its disposition.

Defendants interpret "disposition" as sale of the Press; however, there is nothing in the record that indicates Heidelberg has sold the Press. According to Defendants' reasoning, the order will not allow the Plaintiff to pursue its Guarantee rights until the Press is sold.[3]

However, I disagree. The order goes on to say that "nothing contained in this order shall be construed to prohibit or otherwise affect either People's or Heidelberg's ability to exercise their respective rights and remedies under any agreements with Robot or any guarantor of any obligations of Robot." The Guarantees make Defendants' liability "an absolute and primary

---

[3]Defendants also suggest that Heidleberg should be added as a third party to this action. They argue that discovery is needed to determine why Heidelberg possesses the Press and the almost $300,000 down payment. That is not necessary because Heidelberg would not add much, if anything, to the discussion of whether Plaintiff should be allowed to assert its Guarantees against Defendant.

obligation of payment" that frees Plaintiff of any obligation to first exhaust a security held by Robot or Robocolor. (Plaintiff's Motion, Ex. C) Because of the terms stated in the Guarantees, Plaintiff is not required to first mitigate its damages because Defendant bargained this right away in order to obtain financing. See Paul Revere Protective Life Insurance v. Weis, 535 F.Supp. 379, 384 (E.D. Pa. 1981 ("it is well established that when, as in this case, the guarantee is absolute or unconditional and the creditor has other security, he need not proceed against the security but may at once sue the guarantor on the default of the principal debtor."); see also Fireman's Fund Insurance v. Jos. J. Biafore Inc., 526 F.2d 170, 174 (3rd Cir. 1975).[4]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED.


s/John Corbett O'Meara
United States District Judge

Date: June 30, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 30, 2008, by electronic and/or ordinary mail.


s/William Barkholz
Case Manager

---

[4]The initial loan was for $299,733.50. As for the date of default, that number was $301,028.56 (principal plus accrued interest). Additionally, the Loan Agreement called for an additional 1.5% per month of interest from the date of default, which equals $45,154.30, bringing the total owed to $346,182.86. Finally, Plaintiff claims $29,312.38 in costs and reasonable attorney fees. (Itemized invoices are included in Plaintiff's Motion and are listed as Exhibit 2.) The total according to Plaintiff is $375,495.24.